THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TYLER CLENNETH NUCKOLLS,<br><br>     Plaintiff,<br><br>v.<br><br>MATTHEW BATES; GARY SEARLE; and<br>BENJAMIN GOTSCH,<br><br>     Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:24-cv-777-RJS<br><br>Chief District Judge Robert J. Shelby |

  Plaintiff, Tyler Clenneth Nuckolls, a Utah state inmate, filed this *pro se* civil-rights action, under 42 U.S.C.S. § 1983 (2025), proceeding *in forma pauperis*.[1] The Complaint[2] is now before the Court for screening, under 28 U.S.C.S. § 1915A (2025), which reads in pertinent part:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted.[3]

  The Complaint names three individual defendants: Matthew Bates, a Utah state court judge; Gary Searle, a prosecutor; and Benjamin Gotsch, a private citizen.[4] Plaintiff alleges: (1) Defendant Bates "was [his] judge" and "did not allow [Plaintiff] to call witnesses on our behalf"; (2) Defendant Searle "prosecuted [him]" and "conspired with [Defendant] Gotsch to not have the

---

[1] Dkt. Nos. 1, 3–4.

[2] Dkt 1.

[3] 28 U.S.C.A. § 1915A(a)–(b) (2025).

[4] *See Complaint*.

children testify"; and (3) Defendant Gotsch, as the children's adoptive father, "forced the children not to testify."[5] Plaintiff states that he is "now incarcerated and ha[s] been for some years now because of it."[6] Plaintiff requests the following relief: "A new trial and . . . allow[ance for] the children to testify as to the harm they've suffered and the danger they're in."[7] For the reasons explained below, the court now dismisses the Complaint.

## ANALYSIS

This court must dismiss any claims in a complaint filed *in forma pauperis* that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant.[8] "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[9] When reviewing a complaint's sufficiency the court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[10]

Because Plaintiff proceeds *pro se* the court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers."[11] However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of

---

[5] *Id.* at 2–4.

[6] *Id.* at 5.

[7] *Id.* at 6. Plaintiff also requests "to have children safely escorted by DCFS to be questioned about molestation and force by the adoptive father, Benjamin Gotsch." *Id* This requested injunctive remedy is irrelevant to the claims in the Complaint, so will not be considered further. If Plaintiff has corroborated suspicions about Gotsch's behavior with the children, Plaintiff should follow up with the appropriate Utah state authorities.

[8] *See* 28 U.S.C.A. § 1915A(a)–(b) (2025).

[9] *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[11] *Id.* at 1110.

alleging sufficient facts on which a recognized legal claim could be based."[12] While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[13]

To state a cause of action under § 1983, Plaintiff must allege "(1) deprivation of a federal right by (2) a person acting under color of state law."[14] Plaintiff's Complaint is deficient for the following reasons: (1) Plaintiff requests a Habeas remedy; (2) Defendant Bates has judicial immunity; (3) Defendant Searle has prosecutorial immunity; and (4) Plaintiff has not alleged a valid claim against Defendant Gotsch. The court addresses each issue in turn.

### A. The Complaint requests a Habeas remedy.

Although Plaintiff does not directly challenge his conviction as invalid, he requests a new trial and asserts he has suffered incarceration because Defendants Searle and Gotsch conspired to prevent his children from testifying, and Defendant Bates prevented him from calling witnesses on his behalf.[15] Accordingly, the court construes Plaintiff's Complaint as a challenge to his conviction and confinement.

A plaintiff's request for a new trial on the grounds of an invalid conviction may only be raised in a habeas corpus petition in a different case. As the United States Supreme Court has explained, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim

---

[12] *Id*.

[13] *Id*.

[14] *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("By the plain terms of § 1983, two . . . allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.") (citation omitted).

[15] *See Complaint* at 4–6.

may come within the literal terms of § 1983."[16]  Plaintiff's request for injunctive relief under § 1983 is thus denied here.

### B. Defendant Bates is protected by judicial immunity.

The Complaint alleges Defendant Bates violated Plaintiff's civil rights by "not allow[ing] [Plaintiff] to call witnesses on our behalf."[17]  It is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims."[18]  In this case, Defendant Bates was acting in his judicial capacity as a Utah state judge, so his actions are entitled to absolute immunity.[19]  Defendant Bates is therefore dismissed in this action.

### C. Defendant Searle is protected under prosecutorial immunity.

The Complaint alleges Searle "prosecuted [Plaintiff]" and "conspired with [Defendant] Gotsch to not have the children testify."[20]  "State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions."[21]  Prosecutors command this immunity even when a "genuinely wronged defendant" may be left "without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty."[22]

---

[16] *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding habeas corpus is sole federal remedy when state prisoner seeks any relief that "would necessarily demonstrate the invalidity of confinement or its duration"); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." (emphasis added)).

[17] *Complaint* at 4.

[18] *Segler v. Felfam Ltd. P'ship*, 324 F. App'x 742, 743 (10th Cir. 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).

[19] *See Doran v. Sanchez*, 289 F. App'x 332, 332 (10th Cir. 2008) (unpublished).

[20] *Complaint* at 4.

[21] *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (cleaned up).

[22] *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).

Defendant Searle's alleged acts "were 'intimately associated with the judicial phase of the criminal process.'"[23] Hence, Defendant Searle is entitled to absolute prosecutorial immunity as to Plaintiff's claim that Defendant Searle "prosecuted [him]" and made certain decisions about who would testify.[24] Defendant Searle is therefore also dismissed in this action.

### E. The Complaint fails to state a valid claim against Defendant Gotsch.

The court must dismiss any claim which "fail[] to state a claim upon which relief may be granted."[25] Plaintiff's Complaint names a private actor, Gotsch (apparently his children's adoptive father), as a defendant.[26] "[T]o prevail on a § 1983 claim alleging a deprivation of constitutional rights, a plaintiff must show that he was injured as a result of *state action*. Thus, private conduct, 'no matter how discriminatory or wrongful,' may not be redressed by a § 1983 claim."[27] As a private actor, Gotsch was not acting under color of law and cannot be liable for any § 1983 claim. Accordingly, any claims against Defendant Gotsch are dismissed.

### ORDER

**IT IS ORDERED** that Plaintiff's Complaint,[28] is **DISMISSED** for failure to state a claim upon which relief may be granted.[29] Plaintiff's claim requesting a habeas corpus remedy is

---

[23] *See Carbajal v. McCann*, 808 F. App'x 620, 631 (10th Cir. 2020) (unpublished) (cleaned up) (quoting *Imbler*, 424 U.S. at 430).

[24] *Complaint* at 4. As to Plaintiff's suggestion of conspiracy, Plaintiff "must specifically plead 'facts tending to show agreement and concerted action.'" *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)). Plaintiff has not met this responsibility in the current complaint; vague assertions that multiple people were involved in effecting breaches of civil rights, and, therefore, a conspiracy must be involved, are not enough.

[25] 28 U.S.C.A. § 1915A(b)(1).

[26] *Complaint* at 5–6.

[27] *Read v. Klein*, 1 F. App'x 866, 870 (10th Cir. 2001) (unpublished) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (emphasis added); *see also Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 935 (1982); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995)).

[28] Dkt. 1.

[29] *See* 28 U.S.C.S. § 1915(e)(2)(B) (2025).

dismissed without prejudice.[30] Dismissal of the claims against Defendants Bates, Searle, and Gotsch are dismissed with prejudice as any amendment would be futile.[31]

      This action is **CLOSED**.

DATED this 12th day of May 2025.

BY THE COURT:

_____
CHIEF DISTRICT JUDGE ROBERT J. SHELBY
United States District Court

---

[30] Dismissal under *Heck* is without prejudice. *See Birch v. City of Atchison*, 840 F. App'x 365, 367 (10th Cir. 2021) (unpublished) (citing *Fottler v. United States*, 73 F.3d 1064, 1065, 66 (10th Cir. 1996)).

[31] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim . . . and granting leave to amend would be futile.") (citation omitted).